DONAHOE, Appellant, v. MINNEHAHA COUNTY, Respondent

(299 N. W. 238.)

(File No. 8414. Opinion filed July 3, 1941.)

**Boyce, Warren & Fairbank** and **John R. McDowell,** all of Sioux Falls, for Appellant.

**E. D. Barron,** State's Atty., of Sioux Falls, for Respondent.

WARREN, J.   An action was brought by plaintiff as superintendent of the Minnehaha County Board of Health to recover for services performed by him as such superintendent for investigations, visits and examinations pursuant to our statutes and under the provisions of the rules and regulations adopted by the State Board of Health.   Such services and mileage in the performance of his duties cover a period from April 12, 1936, to November 30, 1938.   This action was brought on for trial before the circuit court.   After the completion of the hearing the court entered findings of facts, conclusions of law, and a judgment in favor of the defendant county.   In due time plaintiff perfected an appeal to this court from the judgment and the whole thereof. Appellant states that the sole question at issue is whether under the evidence appellant was entitled to judgment against the county.

The findings show that the appellant was appointed superintendent of the Minnehaha County Board of Health and that he performed the duties as such during the time covered by the account for services and mileage and that there was a total amount of claims presented in the sum of $4,501.75 of which the county had paid $1,494.16.   It would seem that from the findings that neither during the years 1936, 1937, and 1938 nor at any other time did the appellant convene the Minnehaha County Board of Health and that no meetings during said years were held.   That none of the items for which the appellant sought recovery were at any meeting authorized or directed to be done by the Minnehaha County Board of Health or by the South Dakota State Board of Health, and that there was no authorization or direction by the board of health or anyone to incur the services, mileage and expenses.

The provisions relating to the county boards of health will be found in articles 1 to 4, inclusive, sections 7675 and

7693 S. D. R. C. 1919, and as amended by chapter 120, S. D. Session Laws 1925 and Chapter 117, S. D. Session Laws 1931 (SDC 27.1802-27.1809).

The appellant argues that as superintendent of the county board of health he is holding an office created by the Legislature of South Dakota carrying with it the right of statutory fees and emoluments in lieu of salary and that he became absolutely entitled to the compensation for mileage actually and necessarily traveled and for the various items disclosed by the evidence, and the right to the amounts claimed arises solely by virtue of public service and public relations of appellant upon the performance of his services for which remuneration is sought, and by reason of statutes allowing such remuneration.

Respondent urges that the several vouchers presented for allowance did not disclose that the work done was in cases where it was necessary for the preservation of the public health, and that he does not state that the work he did was done in cases of immediate danger to the health of persons.

It would seem that SDC 27.1805 must govern appellant's right to recover as certain matters are subject to the approval of the County Board of Health, and we quote:

"Subject to the supervising control of the State Board of Health, the county board of health, within the territorial limits of its county not included in any city having its own board of health, shall have power: * * *

"(5) In addition to the above powers it shall have original power to inquire into sanitary conditions of schoolhouses within the county, and upon complaint and investigation shall have power to abate any insanitary conditions that may be found to exist. * * *"

■■ It will be observed that the County Board of Health has certain original powers to inquire into sanitary conditions of school houses within the county and abate any insanitary condition that may be found to exist. In order that "original power" may be exercised there must be some action by the board itself. SDC 27.1806. Clearly the super-

intendent must receive some authority from the board of which he is a member before the investigations and services are rendered. The record discloses the facts that none of the items for which the appellant ·sought recovery were authorized or directed at any meeting of the County Board of Health to be done and that there was no authorization or direction by the Board of Health or anyone to incur the services, mileage and expenses. The record is silent as to the report of any immediate emergency. We do not believe that on account of foregoing, that appellant's claims should be allowed, but must abide by the disallowances of the respondents.

SDC 27.1802 provides as follows: "For each investigation, visit, or examination necessarily made under the provisions of the rules and regulations adopted by the State Board of Health and approved by the Attorney ·General * * * the superintendent of the county board of health * * * shall receive the sum of five dollars."

It is urged that under this statutory provision the action of the County Board of Health as such is not necessary and that the superintendent is entitled to his pay if he acts under the rules and regulations adopted by the State Board of Health. However, we are of the opinion that in this case we do not need to decide this contention made by the appellant for the reason that the evidence in our opinion is such that it does not show that appellant acted within the rules and regulations established by the State Board of Health. The basis for the claims that have not been paid were routine examinations of school houses throughout the county. No complaint regarding the insanitary condition of any of these school houses had been made to the appellant.

The rule of the State Board of Health upon which appellant relies is as follows: "When it shall come to the attention of the health officer by complaint or otherwise that a school premises be in an insanitary condition, and he finds that existing conditions warrant, he shall forthwith order that the place be closed and kept closed until it has been repaired and properly disinfected or cleansed, or both, as the case may require."

We are convinced that the routine examinations of the school premises made by appellant in this case do not come within the meaning of the above-quoted regulations of the State Board of Health. No complaint had been made to appellant regarding the insanitary condition of any school in the county and these examinations were not made because he had been in any way advised that any school in the county was in an insanitary condition. The rule states that "when it shall come to the attention of the health officer by complaint or otherwise, that a school premises be in an insanitary condition." It is clear under the evidence in this case that insanitary conditions in any school house in the county had not come to the attention of the appellant but that the examinations he made were routine examinations not based upon any belief that insanitary conditions actually existed.

We are therefore of the opinion that we need not decide in this case the contention that the State Board of Health by rule and regulation can compel the superintendent of the County Board of Health to act and that when he does act under such rule and regulation without the sanction of the County Board of Health that there is a liability incurred upon the county for such acts.

The judgment appealed from is in all things affirmed.

POLLEY, P. J., and ROBERTS and RUDOLPH, JJ., concur.

SMITH, J., absent and not sitting.